1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**CENTRAL DISTRICT OF CALIFORNIA**

6

_____ )

7

In Re:                        )     **Case No. 09-MDL-2008 AG**
Land Rover LR3 Tire Wear      )

8

Litigation                    )
This document relates to:     )

9

                              )

10

Gable v. Jaguar Land Rover North )     **APPLICATION FOR APPOINTMENT OF**
America, LLC,                 )     **LEAD COUNSEL AND LIAISON COUNSEL**
     C.A. No. 8:07-376        )     **AND APPLICATION FOR APPOINTMENT**

11

                              )     **OF INTERIM CLASS COUNSEL**

12

Wolin v. Jaguar Land Rover North )
America, LLC,                 )
     C.A. No. 8:07-627        )

13

                              )

14

Gomcsak v. Jaguar Land Rover  )
North America, LLC,           )
     C.A. No. 8:07-1200       )

15

                              )

16

Counter v. Jaguar Land Rover North )
America, LLC,                 )
     C.A. No. 1:08-2198       )

17

                              )

18

Vallaint v. Jaguar Land Rover North )
America, LLC,                 )
     C.A. No. 1:08:2761       )

19

                              )

20

Estes, et al. v. Jaguar Land Rover )
North America, LLC,           )
     C.A. No. 2:08-4408       )

21

                              )

22

Greenwood v. Jaguar Land Rover )
North America, LLC,           )
     C.A. No. 2:08-1449       )

23

                              )

24

Lewinsky, et al. v. Jaguar Land )
Rover North America, LLC,     )
     C.A. No. 2:08-790        )

25

_____ )

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Plaintiffs, Kenneth Gable ("Gable"), Brian Wolin ("Wolin"), Kimberly Gomcsak ("Gomcsak"), Steven Lewinsky ("Lewinsky"), Ryan R. Jeske ("Jeske"), Murray Greenwood ("Greenwood"), Shawna L. Palmer, M.D. ("Palmer"), Thomas Counter ("Counter"), Joseph Estes ("Estes"), Robert H. Motley ("Motley"), Raymond E. Lecours ("Lecours") and Mary Valliant ("Valliant") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Application to Appoint Shepherd, Finkelman, Miller & Shah, LLP ("SFMS"), and Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP ("KABOB") (collectively "Proposed Plaintiffs' Lead Counsel") as Plaintiffs' Lead Counsel and Interim Class Counsel and the Mauriello Law Firm, APC ("Mauriello") as Plaintiffs' Liaison Counsel pursuant to the Court's July 23, 2009 Order Setting Conference ("Order") and Federal Rule of Civil Procedure 23(g)(2)(A).

In its Order the Court sought applications for the positions of Plaintiffs' Lead Counsel, or a Plaintiffs' Steering Committee, and Plaintiffs' Liaison Counsel. Under the terms of the Order, the main criteria for the positions are (1) willingness and ability to commit to a time-consuming process; (2) the ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. As set forth more fully below, SFMS, KABOB and Mauriello satisfy each of the listed criteria and should be appointed Plaintiffs' Lead Counsel and Liaison Counsel.

In addition, under Rule 23(g) of the Federal Rules of Civil Procedure, the Court is empowered to designate Interim Class Counsel pending a determination of whether any proposed class (the "Class") should be certified. The appointment of Interim Class Counsel is particularly appropriate where, as here, there are a number of similar  class actions pending. SFMS and KABOB are each well-qualified to represent the proposed Class, have substantial experience litigating consumer protection class actions, including similar cases regarding automobiles and tire wear, have extensive knowledge of the applicable law and are ready and able to devote the resources required to zealously represent the Class. SFMS and KABOB are committed to

1 cooperatively prosecuting this litigation and ultimately obtaining a complete resolution of all

2 claims at issue for consumers nationwide.

3 As discussed more fully below, the criteria under Rule 23 for appointing KABOB and

4 SFMS as Interim Class Counsel are met, and the Court should designate them as Interim Class

5 Counsel to protect the interests of the Class and to promote an efficient adjudication of these

6 related cases.

7 **II.     BACKGROUND**

8 Each of the consolidated cases listed above is a class action which arose as a result of an

9 alleged defect in the alignment geometry in model year 2005 and 2006 Land Rover LR3 vehicles

10 ("Vehicles" or "LR3s").  As a result of the defect, the Vehicles are, or become, misaligned,

11 thereby resulting in the premature and uneven wear of the Vehicles' tires (often requiring tire

12 replacement at less than 15,000 miles of use).  Defendant, Jaguar Land Rover North America,

13 LLC ("Land Rover" or "Defendant") became aware of the defect shortly after the model year 2005

14 LR3s were brought to market and it has received, and continues to receive, complaints from

15 Vehicle owners and lessees.  Despite its knowledge of the defect, Land Rover has continued to

16 sell and lease the Vehicles without disclosing the existence of the defect to owners, lessees, or the

17 consuming public.  Although the tire wear, which is attributable to the Vehicle defect, was

18 covered by Land Rover's uniform warranty (and Defendant's senior management acknowledged

19 this fact internally), Land Rover has refused to provide complete warranty coverage because it has

20 estimated that it would cost millions of dollars to remedy the defect, and Land Rover is more

21 concerned with controlling costs than with honoring its legal and contractual obligations.

22 On September 29, 2008, and September 30, 2008, this Court entered an Order denying

23 Plaintiff's Motion for Class Certification, respectively, in the *Gable* and *Wolin* matters.  The

24 Ninth Circuit Court of Appeals granted the Plaintiffs' Fed.R.Civ.P. 23(f) petition for an

25 interlocutory appeal of the denial of certification on January 22, 2009 in the *Gable* and *Wolin*

26 matters.  The Opening Briefs in those appeals were filed on July 27, 2009.  The remaining actions

27 were consolidated, along with the *Gable* and *Wolin* matters, by the Judicial Panel on Multidistrict

28 Litigation on February 23, 2009, and transferred to this Court.

1

2 III.    **ARGUMENT**

3    A.    **Proposed Plaintiffs' Lead Counsel Should Be Appointed As Lead Counsel**

4    Based upon the criteria outlined the Court in its Order, it is clear that Proposed Plaintiffs'

5 Lead Counsel should be appointed as Lead Counsel and that Proposed Liaison Counsel should be

6 appointed as Liaison Counsel.  Proposed Plaintiffs' Lead Counsel and Proposed Liaison Counsel

7 have the expertise, resources, time and desire to appropriately prosecute these actions.  Further,

8 Proposed Plaintiffs' Lead Counsel and Proposed Liaison Counsel have repeatedly demonstrated,

9 in these and similar cases, the willingness and ability to work cooperatively with others.  As a

10 result, Proposed Plaintiffs' Lead Counsel should be appointed as Lead Counsel and Proposed

11 Liaison Counsel should be appointed as Liaison Counsel

12    1.    Proposed Plaintiffs' Lead Counsel Possess The Willingness And Ability To
           Commit To The Time-Consuming Litigation Of These Actions

13

14    The firms seeking appointment as Plaintiffs' Lead Counsel and Liaison Counsel have all

15 been involved in the litigation of the consolidated actions since their inception, a period of several

16 years.  The work Proposed Plaintiffs' Lead Counsel and Liaison Counsel have already undertaken

17 in identifying, investigating and prosecuting the claims in these action favors their appointment as

18 Plaintiffs' Lead Counsel and Liaison Counsel and is an indication of the extensive time Proposed

19 Plaintiffs' Lead Counsel and Liaison Counsel are prepared and able to represent the Class.

20 Proposed Plaintiffs' Lead Counsel and Liaison Counsel have already committed the time and

21 efforts of over ten (10) attorneys to the legal research, factual investigation, and prosecution of

22 these underlying cases, and will continue to do so, keeping in mind appropriate staffing levels for

23 each project.  Each of the Proposed Plaintiffs' Lead Counsel and Liaison Counsel also hereby

24 attest to their readiness, willingness and ability to commit the time necessary to litigate this case

25 vigorously.

    2.    Proposed Plaintiffs' Lead Counsel Has The Ability To Work Cooperatively
26          With Others

27    Proposed Plaintiffs' Lead Counsel and Liaison Counsel have worked cooperatively with

28 all of the other counsel in the case, including counsel for Defendant, throughout the litigation of

1  each of the consolidated actions.  Indeed, Proposed Plaintiffs' Lead Counsel have established a

2  cooperative relationship with all of the counsel involved in the action.  In addition, Proposed

3  Plaintiffs' Lead Counsel have vast experience working in similar cases that require multiple firms

4  to work together.

5        3.      Proposed Plaintiffs' Lead Counsel Have Vast Experience In This Type Of
                 Litigation

6

7  The qualifications and experienced of Proposed Plaintiffs' Lead Counsel and Liaison

8  Counsel in federal and state courts and, specifically, in complex consumer cases involving alleged

9  deceptive representations and practices, as well as defective products, are set forth in the firm

10 resumes of each firm which detail the qualifications and experience of Proposed Plaintiffs' Lead

11 Counsel and Liaison Counsel and which are attached hereto as Exhibit "A."  In sum, Proposed

12 Plaintiffs' Lead Counsel and Liaison Counsel bring a wealth of litigation experience with respect

13 to consumer class actions in general, and automobile tire wear related cases in particular.

14 Moreover, through their collective experience, Proposed Plaintiffs' Lead Counsel and Liaison

15 Counsel possess a strong command of the applicable law, the Federal Rules of Civil Procedure,

16 the Manual on Complex Litigation and the Local Rules of this District.

17        4.      Proposed Plaintiffs' Lead Counsel Have Access To Sufficient Resources
                 To Advance The Litigation In A Timely Manner

18 Proposed Plaintiffs' Lead Counsel and Liaison Counsel focus their practice in complex,

19 and sometimes lengthy, litigation.  As a result, they are frequently required to advance large

20 amounts of resources in order to vigorously prosecute the clients they represent.  Proposed

21 Plaintiffs' Lead Counsel and Liaison Counsel have already committed significant financial

22 resources to the investigation and prosecution of the consolidated actions and will continue to do

23 so as long as required.  Proposed Plaintiffs' Lead Counsel and Liaison Counsel also have attested

24 to their readiness, willingness and ability to commit the resources necessary to litigate this case

25 vigorously, expeditiously and effectively.

26 In addition to the criteria enumerated in the Order, the Court asked that applicants set forth

27 their "attorney fee proposals, rates and percentages that applicants expect to seek if the litigation

28 succeeds in creating a common fund."  Order at 5.  Hourly rates for Proposed Plaintiffs' Lead

1  Counsel and Liaison Counsel range from $135 an hour to $575 an hour.  The rates are reasonable

2  for the jurisdiction and type of practice undertaken by Proposed Plaintiffs' Lead Counsel and

3  Liaison Counsel.  Should the case resolve favorably for the Class in the form of a common fund,

4  Proposed Plaintiffs' Lead Counsel and Liaison Counsel presently intend to seek 25% of the

5  common fund, as well as reimbursement of costs, so long as that request appears both appropriate

6  and reasonable under applicable law and based upon the result achieved.  Such a request is

7  consistent with the benchmark amount in the Ninth Circuit.  *Vizcaino v. Microsoft Corp.*, 290

8  F.3d 1043, 1047 (9th Cir. 2002) (benchmark for award of fees in common fund cases is 25%);

9  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989) (same).  Proposed

10 Plaintiffs' Lead Counsel and Liaison Counsel, of course, reserve the right to adjust the amount of

11 fees sought if the amount to be sought does not appear appropriate after the application of a

12 lodestar cross-check or otherwise appears inappropriate or unreasonable.

13       Proposed Plaintiffs' Lead Counsel and Liaison Counsel clearly satisfy the criteria set forth

14 by the Court in its Order.  As a result, Proposed Plaintiffs' Lead Counsel and Liaison Counsel

15 should be appointed Plaintiffs' Lead Counsel and Liaison Counsel.

16       **B.       SFMS And KABOB Should Be Appointed As Interim Class Counsel**

17       Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure provides that a court "may

18 designate interim counsel to act on behalf of the putative class before determining whether to

19 certify the action as a class action."  Courts interpreting Rule 23(g) rely primarily on the Advisory

20 Committee notes related thereto, and have found that "the primary responsibility of class counsel,

21 resulting from appointment as such, is to represent the best interests of the class."  *Coleman v.*

22 *General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *see also In re Cree,*

23 *Inc., Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003); Fed.R.Civ.P. 23(g)(1)(B) ("An attorney

24 appointed to serve as class counsel must fairly and adequately represent the interests of the

25 class").  For the reasons discussed below, SFMS and KABOB are highly qualified and will fairly

26 and adequately represent the Class.  Thus, it is in the best interests of the Class that SFMS and

27 KABOB be formally appointed as Interim Class Counsel.

28

1            1.        Legal Standard for Appointment of Interim Class Counsel

2        Rule 23(g)(1)(B) mandates that the attorneys appointed to serve as class counsel must

3   "fairly and adequately represent the interests of the class."  The Rule further requires that, in

4   appointing class counsel, the Court must consider the following criteria:

5   ● the work counsel has done in identifying or investigating
       potential claims in the action,

6

7   ● counsel's experience in handling class actions, other
       complex litigation, and claims of the type asserted in the
       action,

8

9   ● counsel's knowledge of the applicable law, and

    ● the resources counsel will commit to representing the class.

10  Fed. R. Civ. P. 23(g)(1)(C)(ii).  In addition to these factors, the Court may "(ii) may consider any

11  other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

12  class"; (iii) "may direct potential class counsel to provide information on any subject pertinent to

13  the appointment and to propose terms for attorney fees and nontaxable costs"; and (iv) "may make

14  further orders in connection with the appointment." *Id*.  Although there is little case law

15  specifically regarding Rule 23(g) to guide the Court, it is useful to note that the standards for

16  adequacy of counsel developed by courts examining Rule 23(a)(4) "have been incorporated

17  almost in their entirety into new Rule 23(g)...."  Steven Baicker-McKee et al., *The Federal Civil*

18  *Rules Handbook* at 534 (2005).  Under Rule 23(a)(4), as discussed in the Advisory Committee

19  Notes to Rule 23(g), the adequacy of the representation is a factual inquiry and the Court is given

20  broad discretion in making the determination.  "Adequate representation 'depends on the

21  qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests

22  between representatives and absentees, and the unlikelihood that the suit is collusive.'"  *Crawford*

23  *v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (amended opinion) (*quoting Brown v. Ticor Title Ins.*

24  *Co.*, 982 F.2d. 386, 390 (9th Cir. 1994)).  It is also important that the Court assess "whether there

25  has been full disclosure of all agreements and understandings among counsel" and "that clear and

26  satisfactory guidelines have been established for compensation and reimbursement."  Manual for

27  Complex Litigation (Fourth), § 10.224 (2005) ("Manual").

28

1

a.      SFMS And KABOB Have Significant Relevant
        Experience And Knowledge Of The Applicable Law.

2

3
The qualifications and experience of SFMS and KABOB in federal and state courts and,

4
specifically, in complex consumer cases involving alleged deceptive representations and practices,

5
as well as defective products, are set forth in the firm resumes of each firm, which detail the

6
qualifications and experience of SFMS and KABOB and which are attached hereto as Exhibit

7
"A." In sum, SFMS and KABOB bring a wealth of litigation experience with respect to consumer

8
class actions in general, and automobile related cases in particular. Moreover, through their

9
collective experience, SFMS and KABOB possess a strong command of the applicable law, the

10
Federal Rules of Civil Procedure and the Local Rules of this District.

b.      SFMS And KABOB Are Exceptionally Well-Qualified,
        Experienced And Able To Conduct The Litigation.

11

12
As courts evaluating the adequacy of representation requirement at the class certification

13
stage have repeatedly held, a class is fairly and adequately represented where counsel are

14
qualified, experienced, and generally able to conduct the litigation on its behalf. *See, e.g., In re*

15
*Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d. Cir. 1993); *In re NASDAQ*

16
*Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy

17
adequacy requirement where they are able to prosecute the action vigorously). As discussed

18
above and detailed in the law firms' respective resumes, SFMS and KABOB are exceptionally

19
well-qualified to conduct this litigation. Indeed, SFMS and KABOB "include some of the most

20
experienced lawyers in the United States in the prosecution of . . . class actions" and demonstrate

21
that they are "ready, willing and able to commit the resources necessary to litigate the case

22
vigorously." *In re NASDAQ*, 169 F.R.D. at 515. As such, the adequacy requirement clearly is

23
satisfied.

c.      SFMS And KABOB Have, And Will Continue to, Commit
        Significant Time And Resources To The Prosecution Of These
        Actions.

24

25

26
The work SFMS and KABOB have already undertaken in identifying, investigating and

27
prosecuting potential claims in this action favors their appointment as Interim Class Counsel and

28
is an indication of the extensive resources counsel will commit to representing the Class.

1 According to the Third Circuit Task Force Report on the Selection of Class Counsel, the filing of

2 a well-prepared complaint after significant investigation is work relevant to the appointment of

3 class counsel. *See Third Circuit Task Force Report*, 208 F.R.D. 340, 418-19 (2002).  SFMS and

4 KABOB have filed numerous well-prepared complaints on behalf of the proposed Class, after

5 conducting substantial investigation into the facts of the matter, taken countless depositions,

6 engaged in extensive motion practice and appealed the denial of class certification in the *Wolin*

7 and *Gable* matters to the Ninth Circuit Court of Appeals.  SFMS and KABOB have already

8 committed the time and efforts of over ten (10) attorneys to the legal research, factual

9 investigation, and prosecution of these underlying cases, and will continue to do so, keeping in

10 mind appropriate staffing levels for each project.  SFMS and KABOB have also attested to their

11 readiness, willingness and ability to commit the resources necessary to litigate this case

12 vigorously.  Accordingly, SFMS and KABOB easily satisfy the adequacy requirement of Rule

13 23(g).

14
15        d.  The Appointment Of Interim Class Counsel Is Appropriate Where, As Here, There Are Overlapping Class Suits Pending Before The Court.

16   Where overlapping and duplicative class actions have been transferred to a single district

17 for the coordination of pretrial proceedings, designation of interim class counsel is encouraged,

18 and, indeed, is probably essential for efficient case management.  *See In re Air Cargo Shipping*

19 *Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006), *citing Manual*, § 21.11.  Here,

20 numerous class actions have been transferred to this district, all of which address the same issues.

21 To "protect the interests of the class during the precertification activities, such as making and

22 responding to motions, conducting any necessary discovery, moving for class certification, and

23 negotiating settlement," appointment of interim class counsel is appropriate.  Manual, § 21.11.

24
25        e.  Given The Complexity Of This Litigation, It Is Appropriate To Appoint Co-Lead Interim Class Counsel.

26
27   The Third Circuit Task Force on the Selection of Class Counsel advises that "the court should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of counsel."  *Third Circuit Task Force Report*, 208 F.R.D. at 417

28 (emphasis added).  The Plaintiffs and the Class will benefit from the inclusion SFMS and

1  KABOB as Interim Class Counsel given the bi-coastal reach of SFMS and KABOB and the

2  breadth of their collective experience.  Those factors, combined with the fact that this is a

3  complex case that will require extensive discovery, briefing, and other work, make the

4  appointment of co-lead Interim Class Counsel appropriate.  *See In re Air Cargo Shipping*, 240

5  F.R.D. at 57.

6  **IV.     CONCLUSION**

7          Proposed Plaintiffs' Lead Counsel and Liaison Counsel will draw on their considerable

8  experience and resources to zealously represent the Class in this litigation.  As their firm resumes

9  make clear, SFMS and KABOB have the experience necessary to successfully lead this class

10  action as both Plaintiffs' Lead Counsel and Interim Class Counsel.  Proposed Plaintiffs' Lead

11  Counsel and Liaison Counsel have already expended considerable time and effort conducting

12  legal and factual research, evaluating potential claims and defenses, drafting pleadings, and

13  prosecuting the underlying cases.  They have shown themselves to be committed to devoting the

14  resources necessary to litigate the case to a successful resolution.  Based on the criteria set forth in

15  the Court's Order and the requirements of Rule 23(g)(2)(A) for the appointment of Interim Class

16  Counsel, the Plaintiffs request that the Court appoint the SFMS and KABOB as Plaintiffs' Lead

17  Counsel and Interim Class Counsel and Mauriello as Liaison Counsel.

18

19  Dated: August 26, 2009                              Respectfully submitted,

20

21                                                                    _____
                                                                        James C. Shah (SBN 260435)
                                                                        Natalie Finkelman Bennett
22                                                                    Nathan Zipperian
                                                                        SHEPHERD FINKELMAN MILLER
23                                                                     & SHAH, LLP
                                                                        35 East State Street
24                                                                    Media, PA 19063
                                                                        Telephone:  (610) 891-9880
25                                                                    Facsimile:  (610) 891-9883
                                                                        jshah@sfmslaw.com
26                                                                    nfinkelman@sfmslaw.com
                                                                        nzipperian@sfmslaw.com
27

28

1                      James E. Miller (SBN 262553)
Patrick A. Klingman
2                      SHEPHERD FINKELMAN MILLER
     & SHAH, LLP
3                      65 Main Street
Chester, CT 06412
4                      Telephone:  (860) 526-1100
Facsimile:  (860) 526-1120
5                      jmiller@sfmslaw.com
pklingman@sfmslaw.com
6

7                      Karen M. Leser-Grenon (SBN 231189)
SHEPHERD FINKELMAN MILLER
     & SHAH, LLP
8                      401 West A Street, Suite 2350
San Diego, CA 92101
9                      Telephone: (619) 235-2416
Facsimile: (619) 234-7334
10                     kleser@sfmslaw.com

11

12                     Thomas D. Mauriello (SBN 144811)
MAURIELLO LAW FIRM, APC
13                     1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
14                     Telephone: (949) 542-3555
Facsimile: (949) 606-9690
15                     tomm@maurlaw.com

16                     Mark F. Anderson (SBN 44787)
KEMNITZER, ANDERSON, BARRON,  OGILVIE,
     & BREWER LLP
17                     445 Bush Street, 6th Floor
San Francisco, CA  94108
18                     Telephone: (415) 861-2265
Facsimile: (415) 861-3151
19                     mark@kabolaw.com

20                     **Attorneys for All Plaintiffs**,
Kenneth Gable, Brian Wolin,
21                     Kimberly Gomcsak, Steven Lewinsky,
Ryan R. Jeske, Murray Greenwood,
22                     Shawna L. Palmer, M.D., Thomas Counter,
Donald Nevins, Joseph Estes, Mary Valliant
23                     Robert H. Motley, and Raymond E. Lecours

24

25

26

27

28