1  Colm A. Moran (Cal. Bar No. 202685)
2  HOGAN LOVELLS US LLP
   1999 Avenue of the Stars,
3  Suite 1400
4  Los Angeles, California  90067
   Telephone:  (310) 785-4600
5  Facsimile:  (310) 785-4601
   Email:  colm.moran@hoganlovells.com
6
7  (Additional counsel in signature block)

8  Attorneys for Defendant
9  JAGUAR LAND ROVER NORTH AMERICA, LLC

10
                UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12

13 | In Re: Land Rover LR3 Tire Wear | Case No. **09-MDL-2008 AG**
14 | Products Liability Litigation |
15 | This document relates to: | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S MOTION TO STRIKE ALLEGATIONS OF A NATIONWIDE CLASS**
16 |
17 | **Joseph J. Estes, Donald R. Nevins, and Gregory Toler v. Jaguar Land Rover North America, LLC, Civil Action No. 8:09-cv-255-AG-RNB** |
18 |
19 | | **Date:    October 1, 2012**
20 | | **Time:   10:00 a.m.**
21 | | **Judge:  Hon. Andrew J. Guilford**
   | | **Courtroom: 10D**
22

23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................ii

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................ 3

ARGUMENT..................................................................................................... 4

     A.    The Court Should Strike Allegations Applying
         New Jersey Law To The Nationwide Class............................................ 5

     B.    The Court Also Should Strike Allegations Proposing
         A Nationwide Class ............................................................................... 6

         1.    Typicality and Adequacy............................................................ 7

         2.    Predominance and Superiority.................................................... 9

     C.    The Court Should Strike These Allegations Now To Conserve
         Judicial Resources, To Prevent Prejudice To Land Rover, And
         To Avoid Overlapping Litigation ...................................................... 12

CONCLUSION................................................................................................. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

Page(s)

3

CASES:

4

*American Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974) ........................................................ 13

5

6

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*,
    No. 10–CV–05699 MRP (MANx), 2011 WL 7939090

7

    (C.D. Cal. Jan. 20, 2011) ................................................ 13

8

*Christ v. Beneficial Corp.*,
    547 F.3d 1292 (11th Cir. 2008) ........................................ 8

9

10

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir.2008) ........................................... 5

11

12

*Cole v. General Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ................................. 10, 11, 12

13

14

*Colon v. Jaguar Land Rover North America, LLC*,
    Case No. 1-06-CV-075163 (Cal. Sup. Ct.) ......................... 1

15

16

*Continental Ins. Co. v. Muradyan*,
    No. CV 03–351 NM (EX), 2003 WL 22096119

17

    (C.D. Cal. June 4, 2003) ................................................. 6

18

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir.1993) .......................................... 6

19

20

*Gable v. Jaguar Land Rover North America, LLC*,
    C.A. No. 8:07-376 (C.D. Cal.) ......................................... 1

21

22

*Gertz v. Toyota Motor Corp.*,
    No. CV 10–1089 PSG (VBKx), 2011 WL 3681647

23

    (C.D. Cal. Aug. 22, 2011) ............................................... 5

24

*Gianino v. Alacer Corp.*,
    No. 09-1247, 846 F. Supp. 2d 1096, 2012 WL 724322

25

    (C.D. Cal. Feb. 27, 2012) ............................................... 10

26

*Gomcsak v. Jaguar Land Rover North America, LLC*,
    C.A. No. 8:07-1200 (C.D. Cal.) ....................................... 1

27

28

*Greenwood v. Jaguar Land Rover North America, LLC*,
  C.A. No. 8:09-CV-256 (C.D. Cal.) ...................................................... 1

*Haley v. Medtronic, Inc.*,
  169 F.R.D. 643 (C.D. Cal. 1996) ...................................................... 11

*In re American Med. Sys.*,
  75 F. 3d 1069 (6th Cir. 1996)...................................................... 11, 13

*In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*,
  No. 8:09-ml-2008 (C.D. Cal. Jan. 10, 2011)...................................... 9

*In Re Land Rover LR3 Tire Wear Products Liability Litig.*,
  8:09-ml-02008-AG-RNB (C.D. Cal)............................................... 1

*In re Panacryl Sutures Prods. Liab. Cases*,
  263 F.R.D. 312 (E.D.N.C. 2009)...................................................... 8

*In re Vioxx Prods. Liab. Litig.*,
  239 F.R.D. 450 (E.D. La. 2006) ...................................................... 8

*In re Yasmin & Yaz (Drospirenone) Marketing*,
  275 F.R.D. 270 (S.D. Ill. 2011)...................................................... 8

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975)...................................................... 7

*Lewinsky v. Jaguar Land Rover North America, LLC*,
  C.A. No. 8:09-CV-257 (C.D. Cal.) ...................................................... 1

*Marcus v. BMW of N. Am., L.L.C.*,
  Civ. No. 08-5859 (KSH), 2010 WL 4853308 (D.N.J. Nov. 19, 2010)........... 5, 9

*Mazza v. American Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012)...................................................... 10

*Motley v. Jaguar Land Rover North America, LLC*,
  No. CV 08 4057552 S (Conn. Sup. Ct.)........................................... 1

*Perman v. Stonebridge Life Ins. Co.*,
  No. 10–cv–3720, 2011 WL 1327865 (D.N.J. April 4, 2011) ............................ 8

*Philips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ...................................................... 2

*Sanders v. Apple Inc.*,
　　672 F. Supp. 2d 978 (N.D. Cal. 2009).........................................................11, 12

*Stearns v. Select Comfort Retail Corp.*,
　　No. 08-2746 JF, 2008 WL 4542967 (N.D. Cal. Oct. 1, 2008)....................11, 12

*Stirman v. Exxon Corp.*,
　　280 F.3d 554 (5th Cir. 2002) ................................................................................8

*Thompson v. Jiffy Lube Int'l., Inc.*,
　　250 F.R.D. 607 (D. Kan. 2008) .............................................................................8

*Tietsworth v. Sears*,
　　720 F. Supp. 2d 1123 (N.D. Cal. 2010)................................................................7

*United States v. Lummi Indian Tribe*,
　　235 F.3d 443 (9th Cir. 2000) ................................................................................2

*Valliant v. Jaguar Land Rover North America, LLC*,
　　Case No. 02C11162240 (Md. Cir. Ct.)..................................................................1

*Wolin v. Jaguar Land Rover North America, LLC*,
　　C.A. No. 8:07-627 (C.D. Cal.) .............................................................................1

*Zinser v. Accufix Research Inst., Inc.*,
　　253 F.3d 1180 (9th Cir. 2001)...............................................................................9

**STATUTES:**

15 U.S.C. § 2301...........................................................................................................5

**RULES:**

Fed. R. Civ. P. 12(f).................................................................................................7, 11

Fed. R. Civ. P. 23.........................................................................1, 3, 4, 5, 7, 8, 10, 11, 12

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), Defendant Jaguar Land Rover North America, LLC ("Land Rover") moves to strike allegations in the Third Amended Complaint ("TAC") of nationwide claims under New Jersey law. Despite the clear orders of this Court, Plaintiffs persist in invoking the laws of New Jersey on behalf of non-residents. *See, e.g.*, TAC ¶¶ 98, 109 (Dkt. No. 133).[1] Moreover, the TAC seeks to pursue New Jersey-law claims on behalf of a putative <u>nationwide</u> class, not merely classes of Illinois, Virginia and New Jersey residents – the only putative classes which Plaintiffs can pursue, at least at this stage, in view of the Court's prior orders in this case.[2] *Id.* ¶ 57; *see also id.* ¶¶ 1, 13, 98, 109. Plaintiffs' repeated efforts to pursue a nationwide New Jersey-law case are also a misuse of the courts:  At the same time that Plaintiffs' counsel are actively litigating parallel cases in four separate jurisdictions premised on putative state-based classes, they also seek to wield the leverage of so-called nationwide claims in this case.[3] That tactic disrespects – indeed, exploits – the nation's state and federal court systems and prejudices Land Rover.

---

[1] Docket numbers provided herein refer to entries in the docket of *In Re Land Rover LR3 Tire Wear Products Liability Litig*., 8:09-ml-02008-AG-RNB (C.D. Cal).

[2] Needless to say, Defendant does not believe that the Court should certify classes of Illinois, Virginia, and New Jersey residents, but those issues will be addressed later in this proceeding, when Plaintiffs file their motion for class certification.

[3] The other cases are *Colon v. Jaguar Land Rover North America, LLC*, Case No. 1-06-CV-075163 (Cal. Sup. Ct.); *Gable v. Jaguar Land Rover North America, LLC*, C.A. No. 8:07-376 (C.D. Cal.); *Gomcsak v. Jaguar Land Rover North America, LLC*, C.A. No. 8:07-1200 (C.D. Cal.); *Greenwood v. Jaguar Land Rover North America, LLC*, C.A. No. 8:09-CV-256 (C.D. Cal.); *Lewinsky v. Jaguar Land Rover North America, LLC*, C.A. No. 8:09-CV-257 (C.D. Cal.); *Motley v. Jaguar Land Rover North America, LLC*, No. CV 08 4057552 S (Conn. Sup. Ct.); *Valliant v. Jaguar Land Rover North America, LLC*, Case No. 02C11162240 (Md. Cir. Ct.); and *Wolin v. Jaguar Land Rover North America, LLC*, C.A. No. 8:07-627 (C.D. Cal.).

On not one, not two, but *three separate occasions*, this Court has rejected Plaintiffs' previous attempts to apply New Jersey law to the claims of a proposed nationwide class – concluding each time that *each* plaintiff's claims must be governed by the laws of that particular individual's home state. *See, e.g.*, Order Granting in Part & Denying in Part Defendant's Motion to Dismiss at 5-9, 15-16 (Dkt. No. 15) ("First Dismissal Order"); Order Granting Motion to Dismiss at 5-6 (Dkt. No. 109) ("Second Dismissal Order"); Order Granting in Part and Denying in Part Motion to Dismiss at 10-11 (Dkt. No. 129) ("Third Dismissal Order"). As this Court previously explained, "'[p]rospective class members have a *due process right* to have their claims governed by the state law applicable to their dispute.'" Third Dismissal Order at 11 (quoting *Philips Petroleum Co. v. Shutts,* 472 U.S. 797, 821-23 (1985)) (emphasis added). And under the claims asserted in this proceeding, the applicable law is the law of each putative class member's home state. That is the law of this case. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court"). Accordingly, the Court should strike Plaintiffs' allegations seeking to apply New Jersey law to a putative nationwide class – a group that by definition includes non-New Jersey residents like plaintiff Estes (Illinois) and plaintiff Nevins (Virginia). *See* TAC ¶¶ 98, 109.

The Court also should strike Plaintiffs' allegations proposing a putative nationwide class in the first instance. *See* TAC ¶¶ 1, 13, 57, 98, 109. The TAC identifies three named plaintiffs from three different states. TAC ¶¶ 5-7. As this Court already held, the claims of named plaintiffs Estes, Nevins, and Toler will be adjudicated under the laws of Illinois, Virginia, and New Jersey, respectively. By contrast, the claims of the absent members of a *nationwide* class could be governed by up to 48 *other* bodies of law – i.e., the other 47 states plus the District of Columbia. Because of this, the claims of the named plaintiffs are not typical of

1   those of the absent members of the putative nationwide class, and the named

2   plaintiffs cannot fairly and adequately protect the interests of the putative

3   nationwide class.  Moreover, with up to 51 separate bodies of law – 50 states plus

4   the District of Columbia – applying to each of the substantive causes of action

5   asserted in the TAC, individual issues would predominate, and a nationwide class

6   action would not be superior to alternative methods of adjudication.  In short,

7   Plaintiffs cannot satisfy Rule 23 of the Federal Rules of Civil Procedure with regard

8   to their nationwide class allegations.  The Court should strike these allegations now

9   to conserve judicial resources, to prevent prejudice to Land Rover, and to avoid the

10  prospect of overlapping claims in parallel actions.

11                                    **BACKGROUND**

12          In ruling on Defendant's Motion to Dismiss the original Complaint, this

13  Court made two things clear:  first, that it would apply New Jersey choice-of-law

14  rules to determine the proper substantive law to apply to Plaintiffs' claims, and

15  second, that these rules – captured in the "most significant relationship" test –

16  dictated that the substantive law of the home state of each of the plaintiffs would

17  govern the claims of that particular individual.  *See* First Dismissal Order at 5-9,

18  15-16.  Therefore, the Court held, Plaintiff Estes's claims would be governed by

19  Virginia law, and Plaintiff Nevins's claims would be governed by Illinois law.  *Id.*

20  at 8-9, 15-16.

21          This Court twice has confirmed its choice of law analysis:  in its Second

22  Dismissal Order and in its Third Dismissal Order.  In both decisions, this Court

23  recognized that it should conduct an individualized choice of law analysis for each

24  plaintiff.  *See* Second Dismissal Order at 5-6; Third Dismissal Order at 10-11.  It

25  would be appropriate, for instance, to apply New Jersey law to the claims of

26  Plaintiff Toler, whose home state was New Jersey.  *See* Third Dismissal Order at

27  10.  But this certainly is not true for "*all* Plaintiffs and putative class members."  *Id.*

28  Accordingly, the Court described as "wrong" Plaintiffs' conclusory allegation that

1  "New Jersey's substantive laws [should] apply to the proposed nationwide Class."

2  *Id.*  Instead, under New Jersey's "most significant relationship" test, the claims of

3  each individual must be governed by the laws of that particular individual's home

4  state. *Id.* at 7-11.

5      Disregarding these prior rulings, Plaintiffs in their TAC try once more to

6  shoehorn their several claims on behalf of a putative nationwide class of "[a]ll

7  current and former owners and lessees of model year 2005 and 2006 Land Rover

8  LR3s purchased or leased in the United States" into a single body of law:  that of

9  the State of New Jersey.   TAC ¶¶ 57, 98, 109.  Specifically, the TAC brings at least

10  three claims on behalf of this putative nationwide class:  Count II, Violations of the

11  Magnuson-Moss Act involving Breach of Written Warranty; Count III, Breach of

12  Express or Written Warranty; and Count IV, Breach of Implied Warranty of

13  Merchantability. *Id.* at 30, 34, 35.

14                          **ARGUMENT**

15      Rule 23(d)(1)(D) provides that the Court may issue orders to "require that the

16  pleadings be amended to eliminate allegations about representation of absent

17  persons and that the action proceed accordingly."  Fed. R. Civ. P. 23(d)(1)(D).  As

18  to whether New Jersey law may be applied to absent non-residents, the Court

19  already has decided the issue.  We ask only that the Court enforce its prior rulings

20  under the law of the case doctrine.  We also request that the Court strike the TAC's

21  allegations that seek to pursue a nationwide class – as opposed to classes composed

22  of Illinois, Virginia and New Jersey residents – because no such class can be

23  sustained under Rule 23's adequacy, typicality, commonality, predominance and

24  superiority requirements.

25      **A.    The Court Should Strike Allegations Applying New Jersey Law To**
26          **The Nationwide Class.**

27      This Court already has properly – and repeatedly – determined that New

28  Jersey law cannot apply to each and every member of a putative nationwide class.

1  *See, e.g.*, First Dismissal Order at 5-9, 15-16; Second Dismissal Order at 5-6; Third

2  Dismissal Order at 10-11; *see also* Third Dismissal Order at 10 (specifically

3  describing as "wrong" Plaintiffs' conclusory allegation that "New Jersey's

4  substantive laws [should] apply to the proposed nationwide Class").  In patent

5  disregard of these rulings, Plaintiffs continue to invoke New Jersey law on behalf of

6  a putative nationwide class.  Plaintiffs expressly assert their Third Count, involving

7  a breach of express or written warranty theory, "[o]n [b]ehalf [o]f [t]he Class

8  [a]gainst Land Rover [u]nder New Jersey Law[.]"  TAC at 34; *see also id.* ¶98

9  ("Plaintiffs seek to recover for Land Rover's breach of express warranty under the

10  laws of the State of New Jersey.").  Similarly, Plaintiffs assert their Fourth Count,

11  involving a breach of implied warranty theory, "[o]n [b]ehalf [o]f [t]he Class

12  [a]gainst Land Rover [f]or [b]reach [o]f [i]mplied [w]arranty [u]nder [t]he [l]aws

13  [o]f New Jersey [a]nd [t]he Magnuson Moss Act[.]"[4]  TAC at 35; *see also id.* ¶ 109

14  ("Plaintiffs and the Class seek to recover for Land Rover's breach of implied

15  warranty of merchantability under the laws of the State of New Jersey (12A:2-314)

16  and under the Magnuson-Moss Act, 15 U.S.C. §§ 2301, 2301(7), 2310.").  Because

17  the Court already (repeatedly) has rejected Plaintiffs' attempts to apply New Jersey

18  law to a nationwide class, the Court can and should strike these allegations.  *See*

19  *Continental Ins. Co. v. Muradyan*, No. CV 03–351 NM (EX), 2003 WL 22096119,

---

20  [4]  Although Plaintiffs' Fourth Count involves the federal Magnusson-Moss Act, that

21  Act "does not itself provide any substantive law, but rather imports state law on

22  implied and express warranties."  *Marcus v. BMW of N. Am., L.L.C.*, Civ. Action

23  No. 08-5859 (KSH), 2010 WL 4853308, at *7 (D.N.J. Nov. 19, 2010); *see also*

*Gertz v. Toyota Motor Corp.*, No. CV 10–1089 PSG (VBKx), 2011 WL 3681647 at

24  *6 (C.D. Cal. Aug. 22, 2011) ("A viable [Magnuson-Moss] claim requires a

plaintiff to successfully plead a violation of state warranty law. . . . '[D]isposition

25  of the state law warranty claims determines the disposition of the Magnuson–Moss

26  Act claims.'") (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022

(9th Cir.2008)).  Plaintiffs thus would have the merits of their Fourth Count turn

27  entirely on New Jersey law for each and every member of the putative nationwide

28  class.

at *3 (C.D. Cal. June 4, 2003) (purpose of striking allegations "'is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]'") (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)).

### B.   The Court Also Should Strike Allegations Proposing A Nationwide Class.

The Court also should strike the allegations outlining Plaintiffs' request for a nationwide class. *See* TAC ¶¶ 1, 13, 57, 98, 109. The TAC alleges that "The Class that Plaintiffs seek to represent" includes "[a]ll current and former owners and lessees of model year 2005 and 2006 Land Rover LR3s purchased or leased in the *United States*[.]" TAC ¶ 57 (emphasis added); *see also id.* ¶ 1 ("Plaintiffs bring this class against Defendant . . . for the benefit and protection of all current and former owners and lessees of model year 2005 and 2006 Land Rover LR3 motor vehicles[.]"), ¶ 13 ("This class action is brought against Land Rover for the benefit and protection of all current and former owners and lessees of the Subject Vehicles.").[5] These allegations should be stricken entirely, or in the alternative, amended to specify only those owners and lessees residing in Illinois, Virginia, and New Jersey.

"Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations . . . if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210, 212-13 (9th Cir. 1975) (affirming district court's decision to decline further discovery, strike the class allegations, and dismiss the class action). This Court

---

[5] Plaintiffs also suggest an alternative approach, proposing three state-specific sub-classes for their various types of claims, in the event the Court fails to certify a nationwide class. *See* TAC ¶ 58. Those state-specific sub-classes are not at issue in this Motion.

1  should exercise its authority to strike the allegations describing or purporting to

2  bring claims on behalf of a nationwide class in the TAC because the Court's

3  previous rulings conclusively demonstrate that the putative nationwide class fails to

4  meet the requirements of Rule 23.

5         In order to maintain a class action under that Rule, a plaintiff must

6  demonstrate, *inter alia*, that "the claims or defenses of the representative parties are

7  typical of the claims or defenses of the class," that "the representative parties will

8  fairly and adequately protect the interests of the class," that "questions of law or

9  fact common to class members predominate over any questions affecting only

10  individual members," and further that "a class action is superior to other available

11  methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P.

12  23(a)(3) & (4), 23(b)(3). In evaluating whether this standard has been met, a court

13  should consider "the likely difficulties in managing a class action." Fed. R. Civ. P.

14  23(b)(3)(D). As described below, in view of the governing choice of law analysis,

15  Plaintiffs are unable to satisfy any of these requirements, much less all of them.

16              **1.      Typicality and Adequacy**

17         As noted above, the claims of the three named plaintiffs in this proceeding

18  will be governed by the laws of the States of Illinois, Virginia, and New Jersey,

19  respectively. First Dismissal Order at 5-9, 15-16; Second Dismissal Order at 5-6;

20  Third Dismissal Order at 10-11. By contrast, the claims of the absent members of a

21  *nationwide* class would be governed by up to 48 *other* bodies of law – the other 47

22  states plus the District of Columbia. Because of this, the claims of the named

23  plaintiffs are not typical of those of the absent members of the putative nationwide

24  class, and the named plaintiffs cannot fairly and adequately protect the interests of

25  the putative nationwide class. As another federal court recently explained when it

26  granted a motion to strike nationwide class allegations, "Plaintiff cannot represent a

27  nationwide class because she is neither an adequate nor typical representative of

28  persons whose claims arise under the laws of different states[.]" *In re Yasmin and*

*Yaz (Drospirenone) Marketing*, 275 F.R.D. 270, 274 n.7 (S.D. Ill. 2011); *see also*, *e.g.*, *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 n.12 (11th Cir. 2008) ("[T]hese claims are determined by application of state law, and each state has a different law on the matter.  Therefore, Christ's claims, which are determined by Florida's definition of 'insurance,' are not 'typical of the claims of the class.'"); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ("Given the differences among the state laws, it cannot be said that [the named plaintiff's] claims are 'typical' of the class[.]"); *Perman v. Stonebridge Life Ins. Co.*, No. 10–cv–3720, 2011 WL 1327865, at *4 (D.N.J. Apr. 4, 2011) ("The potentially diverse application of the law for each group of plaintiffs defeats an argument of commonality *and* typicality.") (emphasis in original); *In re Panacryl Sutures Prods. Liab. Cases*, 263 F.R.D. 312, 322-23 (E.D.N.C. 2009) ("[B]ecause Plaintiffs have not shown that the prospective class representatives' claims will take into account the substantive laws governing every class member, this Court's conclusion that the laws of the prospective class members' home jurisdictions will govern their claims precludes a finding of typicality . . . .  As such, this Court [also] finds that the prospective class representatives here do not satisfy Rule 23(a)(4)."); *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 628 (D. Kan. 2008) (the choice of law analysis "weighs heavily against typicality, as the disparities and conflicts between the law governing plaintiff's claims and the laws governing other class members places plaintiff's claims on a different legal footing and subject to different legal standards than the claims of a significant portion of putative class members"); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 460 (E.D. La. 2006) ("[T]he Court's choice-of-law analysis suggests that while the proposed class representatives' claims will be governed by New Jersey law, the putative class members' claims will be governed by the substantive laws of their respective jurisdictions.  The applicability of multiple substantive laws . . . precludes a finding of typicality. . . . .

1    [B]ecause of the factual and legal differences among class members' claims, the

2    proposed class representatives [also] cannot satisfy the adequacy requirement.").

3                    **2.      Predominance and Superiority**

4             In view of the Court's prior rulings, Plaintiffs also are unable to satisfy the

5    predominance and superiority requirements for class certification.  The Ninth

6    Circuit has recognized that "[w]here the applicable law derives from the law of the

7    50 states, as opposed to a unitary federal cause of action, differences in state law

8    will compound the disparities among class members from the different states."

9    *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001),

10   *amended* 273 F.3d 1266 (9th Cir. 2001) (alterations, citation, and internal quotation

11   marks omitted).  Such is the case here, where Plaintiffs purport to bring three

12   claims on behalf of the putative nationwide class, all three of which are warranty

13   claims defined by state law.  *See* TAC ¶¶ 77-120 (Counts II, III, and IV).[6]  As

14   Defendant previously has explained, courts are loath to certify nationwide classes

15   "due to the profound choice of law problems."  Memorandum of Law in Support of

16   Defendant's Motion to Dismiss Plaintiffs Complaint at 11 & n.13, *In re Land Rover*

17   *LR3 Tire Wear Prods. Liab. Litig.*, No. 8:09-ml-2008 (C.D. Cal. Jan. 10, 2011)

18   (Dkt. No. 63-1) (citing long list of cases involving putative nationwide classes in

19   the consumer protection context); *Gianino v. Alacer Corp.*, No. 09-1247, 846 F.

20

---

21   [6]   The Second and Fourth Counts involve the federal Magnuson-Moss Act, but, as
22   indicated *supra* in note 4, that Act imports state law on implied and express
     warranties.  Traditional choice-of-law principles determine which states' laws to
23   import for each class member. *See, e.g.*, *Marcus*,  2010 WL 4853308, at *9
     (denying class certification after applying New Jersey choice of law principles and
24   determining that "it is likely that the Court would have to apply the laws of all 50
25   states to the class members' [MMWA] claims").  Indeed, this Court previously
     recognized as much – applying New Jersey choice-of-law rules to determine which
26   state's laws should govern the merits of each plaintiff's Magnuson-Moss claims.
27   *See* First Dismissal Order at 15-16 (applying the "most significant relationship" test
     for this purpose).
28

1  Supp. 2d 1096, 2012 WL 724322, at *5 (C.D. Cal. Feb. 27, 2012) ("Considering

2  that the laws of 50 states will have to be applied in this case, this Court concludes

3  that the common questions of law do not predominate over the questions affecting

4  individual class members as required by Rule 23(b)(3).").

5        This is particularly true in cases, like this, involving breach of express and

6  implied warranty claims.  For example, in *Cole v. General Motors Corp.*, the Fifth

7  Circuit recognized that "there are numerous variations in the substantive laws of

8  express and implied warranty among the fifty-one jurisdictions" of the United

9  States.  484 F.3d 717, 726 (5th Cir. 2007).  The court explained that these laws

10  varied "with regards to (1) whether plaintiffs must demonstrate reliance,

11  (2) whether plaintiffs must provide notice of breach, (3) whether there must be

12  privity of contract, (4) whether plaintiffs may recover for unmanifested vehicle

13  defects, (5) whether merchantability may be presumed and (6) whether warranty

14  protections extend to used vehicles."  *Id.*  And it concluded that "these significant

15  variations in state law and the multiple individualized legal and factual questions

16  they present" precluded a finding that the predominance requirement of Rule

17  23(b)(3) was met.  *Id.* at 730.

18        As the Ninth Circuit recently concluded in another automotive consumer

19  class action,

20  
21            Because the law of multiple jurisdictions applies here to
          any nationwide class of purchasers and lessees of [the
22            vehicles], variances in state law overwhelm common
          issues and preclude predominance for a nationwide class.

23  
24  *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012)

25  (vacating class certification decision).

26        Similar issues arise in regard to Rule 23(b)(3)'s superiority requirement.  As

27  this Court (and the Sixth Circuit) previously explained, "'If more than a few of the

28  laws of the fifty states differ, the district judge would face an impossible task

instructing the jury on relevant law.'" *Haley v. Medtronic, Inc.*, 169 F.R.D. 643,
653 (C.D. Cal. 1996) (quoting *In re American Med. Sys.*, 75 F. 3d 1069, 1089 (6th
Cir. 1996)).  In *Sanders v. Apple Inc.*, the court used Rule 12(f) to strike allegations
proposing a nationwide class for a lawsuit involving, *inter alia*, warranty claims.
672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).  The court held that a nationwide class
was not the "superior" method of adjudication in view of the many individualized
issues involved.  *Id*.  The court expressed particular concern regarding the many
different bodies of law it would have to apply in the context of a nationwide class:
"since [plaintiff] purports to bring a nationwide class action, these individual
inquiries very likely would be subject to the differing state laws that may or may
not apply." *Id*.

Similarly, in *Stearns v. Select Comfort Retail Corp.*, the court granted a
motion to dismiss or strike nationwide class allegations.  No. 08-2746 JF, 2008 WL
4542967, at *8 (N.D. Cal. Oct. 1, 2008).  The court held that a nationwide class
action would not be superior to other available methods of adjudication, in view of
the individual inquiries necessitated by and differences among state laws that would
govern the asserted warranty and fraud claims.  *Id*. at *7-8; *see also Haley*, 169
F.R.D. at 653 ("[C]lass action treatment would present the Court with the
particularly 'unmanageable' task of having to apply so many different state laws
. . . .  [T]he problems and complexities raised by having to consider so many
different state laws—even if they are relatively the same—convince the Court that
class certification would be inappropriate in the instant litigation.").

In this case, just as in *Cole*, *Sanders*, and *Stearns*, the plaintiffs "purport[ ] to
bring a nationwide class action," but the "individual inquiries" necessary to
adjudicate the alleged warranty breaches "would be subject to . . . differing state
laws[.]" *Sanders*, 672 F. Supp. 2d at 991; *see also Cole*, 484 F.3d at 730; *Stearns*,
2008 WL 4542967, at *7-8.  In fact, this Court already held as much when it
applied the "most significant relationship" test to Plaintiffs' claims; recognized the

"clear conflicts" between New Jersey, Illinois, and Virginia law on express warranties; and noted that "differences exist between the laws of the states" on implied warranties.  First Dismissal Order at 8, 15.  As the court in *Stearns* explained, "because of the many differences in state laws . . . warranty claims are difficult to maintain on a nationwide basis." *Stearns*, 2008 WL 4542967, at *8. Indeed, as the *Sanders* court recognized, "[c]ourts *routinely* hold that . . . warranty claims are difficult to maintain on a nationwide basis and rarely are certified." 672 F. Supp. 2d at 991 (emphasis added).  Here, just as in *Cole, Sanders*, and *Stearns*, the individual issues entailed in adjudicating warranty claims across a nationwide class prevent Plaintiffs from satisfying the predominance and superiority inquiries of Rule 23(b)(3).  Accordingly, here, just as in *Cole*, *Sanders*, and *Stearns*, the Court should reject Plaintiffs' request for a putative nationwide class.  *See id.*

### C.   The Court Should Strike These Allegations Now To Conserve Judicial Resources, To Prevent Prejudice To Land Rover, And To Avoid Overlapping Litigation.

In the interest of conserving judicial resources, as well as the resources of the parties, the Court should reject Plaintiffs' nationwide class allegations now, rather than allowing the case to proceed through discovery to briefing on plaintiffs' eventual motion for class certification.  If the Court declines to strike Plaintiffs' allegations, Plaintiffs will surely pursue burdensome discovery involving thousands of LR3s sold throughout the country – even though that discovery will have little bearing on the named plaintiffs' state-specific claims and the claims of the sub-classes they seek to represent.  This would be wasteful of the parties' limited resources.

Just as important, allowing Plaintiffs to proceed on allegations of a nationwide class in this action misuses the court systems of the several states that currently are investing resources to address the same counsel's parallel actions in Maryland, Connecticut and California.  If Plaintiffs have a legitimate basis for a

nationwide class – none is discernible – they should not be permitted to exploit multiple court systems in an effort to maximize their leverage and opportunity. While Plaintiffs were free, in the beginning, to pursue either nationwide class status or multiple state-specific actions, it is gamesmanship for the same putative class counsel to pursue *both* strategies simultaneously.  *See In re American Med. Sys., Inc.*, 75 F.3d at 1088 ("A separate cause for concern is the judge's certification of a nationwide class, despite the fact that there were previously-filed cases at more advanced stages of litigation. . . .  The waste of judicial resources due to duplicative proceedings is plain and is not correctable on appeal.") (directing the district court judge to decertify a nationwide class).

Striking the nationwide class allegations also serves to prevent additional prejudice to Land Rover.  So long as the prospect of a nationwide claim remains pending, absent putative class members around the country may at least have a basis for arguing that certain of the statutes of limitations governing their claims against Land Rover have been tolled.  *See, e.g., Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, No. 10–CV–05699 MRP (MANx), 2011 WL 7939090, at *2 (C.D. Cal. Jan. 20, 2011) (explaining that the commencement of a putative class action tolls the running of the statute of limitations on federal claims for all purported members of the class) (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)).  This case has been pending now for nearly four years.  The sooner the Court rejects Plaintiffs' unjustified request for a nationwide class, the sooner the extended period of unwarranted tolling will come to an end.

## CONCLUSION

For the foregoing reasons, the Court should strike all allegations of the TAC purporting to assert claims on behalf of a nationwide class, including but not limited to those claims attempting to invoke New Jersey law on behalf of such a class or on behalf of any individual who is not a resident of New Jersey.

1                                  Respectfully submitted,

2                                  HOGAN LOVELLS US LLP

3    Dated:  August 30, 2012            By:  /s/  Paul A. Werner

4                                  Paul A. Werner (*pro hac vice*)
                                    paul.werner@hoganlovells.com

5                                  Audrey Moog (*pro hac vice*)
                                    audrey.moog@hoganlovells.com

6                                  555 Thirteenth Street, NW

7                                  Washington, DC 20004-1109
                                   Telephone: (202) 637-5600

8                                  Facsimile: (202) 637-5910

9

10                                  Colm A. Moran (Cal. Bar No. 202685)
                                   colm.moran@hoganlovells.com

11                                  1999 Avenue of the Stars,

12                                  Suite 1400
                                   Los Angeles, California  90067

13                                  Telephone:  (310) 785-4600

14                                  Facsimile:  (310) 785-4601

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and service to counsel of record.

/s/ Paul A. Werner

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
STRIKE ALLEGATIONS OF A NATIONWIDE CLASS